UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREMONT REORGANIZING
CORPORATION,

        Plaintiff,

vs.                                              Case No. 2:10-cv-11923
                                                    Hon. David M. Lawson

RONNIE DUKE, et al.

        Defendants.
_____

**REAL ESTATE ONE, INC.'S CONCURRENCE
IN MOTION OF DEFENDANTS, KEY APPRAISERS.COM AND
TIMOTHY BAKER, FOR PARTIAL SUMMARY DISPOSITION**

        Plaintiff, Fremont Reorganizing Corporation (hereinafter "Fremont" or "Plaintiff") has filed a 112 page Complaint, consisting of 411 individual paragraphs and 10 Counts, alleging in paragraph 1 of the Complaint that Fremont is seeking compensation for losses "caused by the misconduct of numerous persons and entities associated with Defendant Ronnie Duke." (Complaint, paragraph 1, sentence 1). Fremont alleges that Defendant Duke assisted by other generically identified Defendants, "devised and implemented a scheme to defraud Fremont" by means of false and fraudulent representations. Among the generic Defendants who Plaintiff has alleged defrauded Fremont is the moving party in this Motion, Defendant Real Estate One, Inc. (hereinafter "REO"). Two other Defendants that are named in the Complaint are Abdul-Majid Bazzi a/k/a Sam Bazzi (hereinafter "Bazzi") and Jamie Sweeney (hereinafter "Sweeney") who are identified in paragraphs

19 and 57 of the Complaint, respectively, as having been real estate agents for REO. Of the 59 loans identified by Plaintiff as straw loans or ghost loans in paragraphs 101 and 102, Plaintiff attributes 14 to REO as a result of the actions of Sweeney and Bazzi ("REO Loans").

Similar to the position as set forth in the Motion for Partial Summary Judgment of KeyAppraisers.com and Timothy Baker, Plaintiff sold and was paid full consideration for the loans attributed to REO. Plaintiff therefore has not suffered any damages except, arguably, on files where it has received a repurchase demand from the purchaser of said loans.[1] As to the 14 REO Loans, Plaintiff has admitted that it has not received a repurchase demand for the following:

| Complaint Paragraph | Property Address | Loan Amount |
|---|---|---|
| 102(b) | 3395 N. Maple Rd., Scio Twp., MI | $360,000[2] |
| 102(c) | 5967 Lohr Lake Dr., Pittsfield Twp., MI | $353,200[3] |
| 102(e) | 44977 Middlebury Ct., Canton, MI | $283,200[4] |
| 102(f) | 5127 Lake Bluff Rd., W.Bloomfield, MI | $436,000[5] |

---

[1] From discovery that has taken place so far in the litigation, it appears that any damages incurred by Fremont as to the loans for which it received repurchase demands were minimal at best. The documents reflect settlements with Fremont's investors on multiple loans, without differentiation as to any particular loan as to any particular property. Thus, as to any particular loan, the settlement amount would be minimal in comparison to the amount of the loan itself.

[2] See Plaintiff's Response to REO's First Set of Requests for Admissions, #1, Exhibit A.

[3] See Plaintiff's Response to REO's First Set of Requests for Admissions, #2, Exhibit A.

[4] See Plaintiff's Response to REO's First Set of Requests for Admissions, #3, Exhibit A.

[5] See Plaintiff's Response to REO's First Set of Requests for Admissions, #4, Exhibit A.

| | | |
|---|---|---|
| 102(g) | 21925 Rathlone Dr., Novi, MI | $280,000[6] |
| 102(j) | 48280 Gladstone, Canton, MI | $347,900[7] |
| 102(k) | 6618 Kings Ct., W. Bloomfield, MI | $436,000[8] |
| 102(q) | 8674 Oakside Ave., Commerce Twp, MI | $400,000[9] |
| 102(r) | 8271 Cooley Beach Dr., White Lake, MI | $497,600[10] |
| 102(pp) | 6739 Wellesley Terrace, Clarkston, MI | $468,000[11] |

Because the Plaintiff has not received repurchase demands as to the above referenced loans, Plaintiff has suffered no injury as a matter of law. Defendant REO therefore joins in the Motion of Co-Defendants Key Appraisers.com and Timothy Baker and requests partial summary judgment as to all of the aforementioned loans.

Further, partial summary judgment should be granted to REO for loans not attributed to Bazzi and Sweeney and for which there have been no repurchase demands, to the extent Plaintiff claims that REO is responsible for such loans. In recent correspondence from Fremont's counsel, Fremont has taken the position pursuant to RICO theories, that REO is not only liable in damages for the 14

---

[6] See Plaintiff's Response to REO's First Set of Requests for Admissions, #5, Exhibit A.

[7] See Plaintiff's Response to REO's First Set of Requests for Admissions, #6, Exhibit A.

[8] See Plaintiff's Response to REO's First Set of Requests for Admissions, #7, Exhibit A.

[9] See Plaintiff's Response to REO's First Set of Requests for Admissions, #8, Exhibit A.

[10] See Plaintiff's Response to REO's First Set of Requests for Admissions, #9, Exhibit A.

[11] See Plaintiff's Response to REO's First Set of Requests for Admissions, #10, Exhibit A.

loans attributed to it, but as to all 59 loans for which suit has been brought. REO has recently sent out comprehensive discovery requests as to all the loans, based upon Fremont's newly articulated position, and REO believes that when these discovery requests are fully responded to that the records will reflect that as to most of the 59 properties there have been no repurchase demand and therefore, no damages. REO will supplement this Concurrence when the discovery responses are received.

        Respectfully submitted,

        WOOD, KULL, HERSCHFUS, OBEE & KULL, P.C.

By:    /s/ John A. Obee
        John A. Obee (P29216)
        jao@woodkull.com
        Attorneys for Defendant Real Estate One, Only
        37000 Grand River Avenue, Suite 290
        Farmington Hills, MI 48335
        (248) 476-2000

Dated: September 1, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREMONT REORGANIZING
CORPORATION,
                Plaintiff,

vs.                                                              Case No. 2:10-cv-11923
                                                              Hon. David M. Lawson

RONNIE DUKE, et al.
                Defendants.

_____

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 1, 2011, I electronically filed Real Estate One, Inc.'s Concurrence in Motion of Defendants, Key Appraisers.com and Timothy Baker, For Partial Summary Disposition with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

momalley@kallashenk.com                    krule@kallashenk.com

agottlieb@hertzschram.com                timmacdonaldlaw@yahoo.com

bradaldrich@comcast.net                      Elias@muawadpc.com

gconti@contilegal.com                            jregnier@ameritech.net

acharlip@hertzschram.com   lbaumhardt@hertzschram.com

dwilkerson@rmrtt.com, bcallis@rmrtt.com

jlfdefense@mindspring.com, debbiegiblin@live.com

tcostello@lipsonneilson.com, cmontana@lipsonneilson.com

                                                By:    /s/   John A. Obee
                                                        John A. Obee (P29216)
                                                        Attorneys for Defendant Real Estate One, Only
                                                        37000 Grand River Avenue, Suite 290
                                                        Farmington Hills, Michigan 48335
                                                        (248) 476-2000
                                                        jao@woodkull.com