UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREMONT REORGANIZING CORP.,

       Plaintiff,

v().                                                                   Case Number 10-11923
                                                                                          Honorable David M. Lawson

RONNIE DUKE, RYAN ZUNDEL, BILL WELLS,
WILLINEVAH RICHARDSON, ANTHONY
PETERS, AMERICAN NATIONWIDE MORTGAGE
CO., CBB, INC. d/b/a BRETLIN HOME MORTGAGE,         **ORDER DENYING PLAINTIFF'S**
FIRST ESCROW COMPANY, LLC, HARDCORE                 **MOTION FOR**
MOTOR SPORTS, LLC, HARDCORE RACING, INC.            **RECONSIDERATION**
JS REALTY, LLC, LAWYERS ESCROW CO.,
LIBERTYTITLE AND ESCROW SERVICES, LLC,
MOTORCITY FINANCIAL SERVICES, NATIONS
TITLE OF OHIO, NORTH AMERICAN HOME
FUNDING, INC., OWNER REALTY.COM, PREMIER
MORTGAGE FUNDING, INC., REAL ESTATE ONE,
INC., ANDREW AUTY, TIMOTHY BAKER,
MELISSA BASTIEN, HUSSEIN ABDUL-MAJID
BAZZI a/k/a SAM BAZZI, SPECIALTY HOLDINGS,
INC., ALI BAYDOUN, JAY BAYDOUN a/k/a JALAL
BAYDOUN, CHEA BENNETT, MORGAN
BEVENSEE, KEVIN BOS, LISA BOS, ROBERT
BRIERLEY, BYRON DEES,SUSAN GENDERNALIK,
HUGH BRADLEY JAMES, DAVID LARA,
HAROLD LARSEN, DANNY LEY, PATRICK LLOYD,
JOSE MARTINEZ, JOHN MAYER, KATHY
MCCUTCHEON a/k/a KATHY SIZEMORE, APRIL
MILLER, COLLETTE MILLITELLO, JOSEPH
MILLITELLO, PAUL MORRIS, ADELBERT MOSS,
BRYAN MURPHY, DANIELLE NAPPER, SUZANNE
NICHOLAS, DANIEL PANKO, KATHLEEN
POUNDS, LARRY RIDEOUT, RICARDO RODRIGUEZ,
FRANK RAY SCHAFER, JR, JEFF SCHUCK, RACHEL
SEMAN, MICHAEL SHILAKES, BRYAN STURGEON,
JAMIE SWEENEY, RONALD TALASKI, JR.,
MITCHELL TOMCSIK, NICOLE TURCHECK, LINDA
WAHLER, DONNA WALBROOK, PAUL WHITESIDE,
JEREMY YALKIN, KASSEM ZREIK, FIDELITY
NATIONAL TITLE INSURANCE CO.,
and APEX FINANCIAL GROUP, INCORPORATED,

d/b/a AAPEX MORTGAGE CORP.,

                Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On May 12, 2010, the plaintiff filed a complaint in which he alleged a conspiracy, headed by defendant Ronnie Duke, to defraud the plaintiff by fabricating real estate transactions in order to obtain loans funded by the plaintiff. On November 15, 2010, the plaintiff filed an amended complaint. In Count XVII of this amended complaint, the plaintiff alleged that defendant JP Morgan Chase Bank negligently failed in its duty to make inquiry as to certain transactions entered into by other defendants who had accounts with defendant JP Morgan Chase Bank and that defendant JP Morgan Chase Bank aided and abetted other defendants in a breach of fiduciary duty.

On January 10, 2011, defendant JP Morgan Chase Bank filed a motion to dismiss, arguing that there was no legal basis for the plaintiff's claims against the defendant because the defendant had no duty of care toward the plaintiff. The plaintiff responded to the defendant's motion on January 31, 2011 arguing that the defendant bank owed a duty to the plaintiff to make inquiry when it has notice that funds deposited in fiduciary accounts are being diverted. The Court entered an order granting the defendant's motion to dismiss on September 12, 2011 and dismissing all claims against defendant JP Morgan Chase Bank.

Presently before the Court is the plaintiff's motion for reconsideration of the Court's order granting defendant JP Morgan Chase Bank's motion to dismiss. Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party to shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which

is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). However, motions for reconsideration should not be granted when they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g)(3).

In its motion for reconsideration, the plaintiff contends that this Court assumed that the plaintiff argued that the defendant had a duty to monitor, when in fact the plaintiff alleged that the defendant had a duty of inquiry when it knew that its customer was acting in a fiduciary capacity and knew or was on notice of facts indicating a diversion of funds. The plaintiff asserts that the Court mistakenly stated that this duty of inquiry is not recognized under Michigan law. The plaintiff also argues that the Court mistakenly applied an actual knowledge standard to the plaintiff's negligence claim.

The Court concludes that the plaintiff has not met its burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3). In its motion for reconsideration, the plaintiff raises only issues that have been considered already and decided by the Court. The plaintiff asserts that Michigan law supports its position on the defendant's alleged duty of inquiry. However, the plaintiff provides no new law for the Court to consider, instead citing the same case law that the Court considered and rejected in granting the defendant's motion to dismiss. Indeed, the only difference between the plaintiff's argument in its motion for reconsideration and its response to the defendant's motion to dismiss appears to be that the plaintiff cites Michigan cases before New York cases, instead of the reverse.

Further, the Michigan cases cited by the plaintiff are inapposite to the present case. The cases stand for the proposition that a bank may be held liable to a third party for its customers' wrongful conduct where "special attenuating circumstances" exist. *New Properties, Inc. v. Newpower*, No. 259932, 2006 WL 2632310 at *8 (Mich. App. Sept. 14, 2006) (analyzing *Columbia Land Co. v. Empson*, 305 Mich. 220, 9 N.W.2d 452 (1943)). However, the special circumstances alluded to by the court are situations in which the bank itself is committing fraud, acting in bad faith, or deriving personal benefit. *Ibid.* The plaintiff does not allege that any of those circumstances obtain here, and therefore there is no reason for the Court to deviate from the well-established rule that "'Michigan law, in accord with the universal rule in this country, holds that a bank's relationship is with its customer and that the bank owes third parties no duty of care to monitor a customer's activities." *El Camino Res,. Ltd. v. Huntington Nat'l Bank*, 722 F. Supp. 2d 875, 907 (W.D. Mich. 2010). Because the Court has determined that defendant JP Morgan Chase Bank owed the plaintiff no duty of care, the plaintiff's argument that the Court applied the incorrect knowledge standard to its negligence claim is irrelevant.

The plaintiff's motion for reconsideration provides no new grounds for the Court's review, but only rehashes arguments that the Court has already considered and decided in the defendant's favor. Therefore, the Court will deny the plaintiff's motion for reconsideration.

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration [dkt #249] is **DENIED**.

                                                  s/David M. Lawson
                                                  DAVID M. LAWSON
                                                  United States District Judge

Dated: October 20, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 20, 2011.

                                      s/Deborah R. Tofil
                                      DEBORAH R. TOFIL