# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

FREMONT REORGANIZING
CORPORATION,

                Plaintiff,

vs.

                                              Case No. 2:10-cv-11923
                                              Hon. David M. Lawson

RONNIE DUKE, et al
                Defendants.

## REAL ESTATE ONE, INC.'S REPLY BRIEF IN SUPPORT
## OF MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Fremont Reorganizing Corporation ("Fremont") alleges that its predecessor, Fremont Investment & Loan lent $20,048,994 in fifty-nine fraudulent loan transactions. Amended Complaint, ¶¶ 101 - 102. [Dkt. #77]  Plaintiff has admitted that it sold all but one of these loans to third-party investors pursuant to various mortgage loan purchase agreements ("MLPA"s). Plaintiff's Response to REO's Fourth Set of Interrogatories and Third Set of Requests for Production of Documents, p.2.  **Exhibit A.**  Plaintiff profited by selling these mortgage loans in numerous MLPA transactions. Defendants Real Estate One, Inc. ("REO"), Timothy Baker, and KeyAppraisers.com (collectively, the "Moving Defendants") moved for summary judgment as to the twenty-four loans that Fremont sold at a profit, and which are not the subject of any repurchase claims by MLPA purchasers or covered by any settlement agreement  (the "Profit Loans").[1]

Plaintiff offers several novel theories to support the claim that it suffered an injury when on its face, Plaintiff made a profit.  First, Plaintiff claims that it suffered a loss by the mere fact that it disbursed money based upon fraudulent misrepresentations and that the amount of the loss is the amount of the loan, without regard for any security, contractual or collateral recovery. Second, Plaintiff claims that any setoff against its "loss" from Plaintiff's sale of the loans at a profit under the MLPAs must be reduced by the value of certain representations and warranties Fremont added when it packaged the loans for sale.  Finally, Plaintiff asserts it has suffered an injury based upon its "exposure" to possible future repurchase demands.  However, Plaintiff has suffered no fraud injury

---

[1] REO filed a concurrence in the Motion for Partial Summary Judgment filed by Defendants Baker and KeyAppraisers.com. [Dkts. #234 and 240].  Although filed in the ECF system as a Response, it was actually a Joinder/Concurrence in which REO specifically requested partial summary judgment as to the additional Profit Loans not listed by Baker and KeyAppraisers in its motion.

and with respect to the Racketeering and Corrupt Organizations Act ("RICO"), Plaintiff lacks standing to sue as to each of the twenty-four Profit Loans.[2]

### A.    The Profit Loans:

Plaintiff made a profit from its sale of the Profit Loans and will retain that profit unless and until it both receives a repurchase demand from an MLPA purchaser and repurchases the loan pursuant to the demand. Plaintiff has identified each of the seventeen loans for which it received a repurchase demand, the last of which was received on September 29, 2008, more than three years ago. See Plaintiff's loan chart produced in response to REO's Fourth Set of Interrogatories and Third Set of Requests for Production of Documents. **Exhibit B**. Plaintiff has not received a repurchase demand for forty-one of the fifty-eight loans sold to MLPA purchasers. **Exhibit B**. However, Plaintiff entered into settlement agreements with MLPA purchasers as to seventeen of these forty-one loans even though no repurchase demand was ever received. **Exhibit B**.[3] Thus, there are twenty-

---

[2] Plaintiff objects to the Moving Defendants seeking summary judgment on only "part of" Plaintiff's claims. However, the Federal Rules of Civil Procedure were amended effective December 1, 2010 to specifically allow such a motion: Amended Rule 56(a) is captioned "Motion for Summary Judgment or Partial Summary Judgment," and now provides that "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." Fed. R. Civ. P. 56(a). The Advisory Committee notes to that section state: "The first sentence [of Rule 56(a)] is added to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense. The subdivision caption adopts the common phrase 'partial summary judgment' to describe disposition of less than the whole action, whether or not the order grants all the relief requested by the motion." Fed. R. Civ. P. 56(a) advisory committee's note.

[3] Each settlement covered either a single MLPA portfolio of thousands of loans, or multiple MLPA portfolios of tens of thousands of loans, the vast majority of which are not loans included in Plaintiff's Amended Complaint. To establish an injury and damages for the sixteen settled loans, Plaintiff must prove what dollar amount of the MLPA settlement was proximately caused by fraudulent loans at issue in this case. *First Nationwide* Bank, 27 F. 3d 763,769 (2nd Cir. 1994) [To establish proximate cause, a RICO plaintiff must show that the misrepresentations were the "reason the transaction turned out to be a losing one"] **Exhibit C.** If Plaintiff can prove proximate cause, the settlement amounts must then be allocated among each of the loans covered by the settlement.

2

four loans which Plaintiff sold at a profit and for which Plaintiff did not and very likely will not receive a repurchase demand or suffer any actual loss or injury whatsoever.[4]  It is for these twenty-four Profit Loans that the Moving Defendants seek summary judgment because as to these Profit Loans, Plaintiff has no damages and lacks standing to sue under RICO.

### B.    Plaintiff Suffered No Injury as to the Profit Loans:

To establish standing to bring its action, "the plaintiff must have suffered an 'injury in fact' -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 119 L.Ed 2d 3651 (1992).  To establish standing to bring a claim under RICO, a plaintiff must further show he has suffered an injury "in his business or property by reason of a violation of section 1962 of this chapter." 18 U.S.C. Sec. 1964(c).  The Sixth Circuit has not specifically addressed the *Lujan* standing requirements relative to RICO actions.  However, the U.S. District Court for the Eastern District of Michigan did address this issue in *Scharnitzke v. Sedgwick*, No. 2:09-cv-11529(NGE), 2010 U.S. Dist LEXIS 22792 (E.D. Mich., 2010) at *76, footnote 33 (**Exhibit D**) and in *Brown v. Ajax Paving Industries, Inc*, 773 F. Supp 2d 727, 737 (E.D. Mich., 2011).  In *Scharnitzke*, the court held the plaintiffs lacked standing because their RICO claim was not ripe until their injury was actually established.  The *Scharnitzke* court cited with approval the seminal Second Circuit case applying *Lujan*'s standing requirements to RICO actions – *First*

---

*Fleischhauer v. Feltner*, 879 F. 2d 1290 (6th Cir. 1989) [RICO plaintiff can only recover damages proximately caused by the predicate acts].  When fully allocated, Plaintiff's damages for each settled loan, if any, will be cents on the dollar.

[4] The twenty-four Profit Loans are the loans are highlighted in yellow on the attached **Exhibit B** and identified in the Amended Complaint, ¶¶ 101a, 101b, 101c, 101d, 101e, 101g, 101h, 101n, 101o, 101q, 102a, 102b, 102c, 102e, 102f, 102g, 102m, 102n, 102o, 102r, 102v, 102w, 102cc, and 102oo.

*Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763 (2nd Cir. 1994) which specifically applied *Lujan* to a RICO action involving fraudulent mortgage loans.

   In *First Nationwide Bank*, Plaintiff First Nationwide Bank ("FNB") claimed it was damaged when it disbursed numerous nonrecourse commercial loans based upon the fraudulent misrepresentations of the borrowers, mortgage brokers and others in connection with the loan applications. FNB claimed to have lent hundreds of millions of dollars as a result of the defendants' fraud. FNB claimed it would never have disbursed the loans had the misrepresentations not been made and that FNB was injured because it was undersecured for these nonrecourse loans.

   The Second Circuit rejected FNB's argument and dismissed its claims for lack of standing because "a cause of action does not accrue under RICO until the amount of damages has become clear and definite." *Id* at 768. Specifically as it related to the FNB's claim for damages for fraudulently induced loans, the Court held that "clear and definite" damages suffered by a secured creditor who alleges it was fraudulently induced to make a loan and seeks to recover the value of the loan itself "cannot be established until it is finally determined whether the collateral is insufficient to make the Plaintiff whole, and if so, by how much." *Id.* The Court's well reasoned analysis applies equally to the present case:

> "According to FNB, it suffered immediate quantifiable injury when the loans were made because the loans were undersecured, FNB assumed additional risk of loss, and 'for all practical purposes, the[] additional funds were lost the moment the loans were made.' We find this argument unpersuasive.
>
>          *                *                *
>
>  FNB does not allege actual injury by simply claiming that it incurred additional risk of loss as a consequence of the fraud....Thus, we reject FNB's novel theory that it was damaged simply by being undersecured when, with respect to those loans not yet foreclosed, the actual damages it will suffer, if any, are yet to be determined."

4

*First Nationwide Bank* at 768. The Court held that because FNB's injuries, if any, were not yet known, FNB's claims were not ripe, and it lacked standing to sue under RICO:

> "In this case, the loss FNB would suffer as to those loans FNB has not finally foreclosed cannot yet be determined. Only when FNB's actual loss becomes clear and definite will the claims be ripe for suit. Until that time, FNB lacks standing under RICO to assert claims as to those loans."

*First Nationwide Bank* at 769. The Second Circuit has repeatedly upheld this rule, and in doing so, has made clear that "RICO damages are netted against recovery obtained from collateral and other sources." *Motorola Credit Corp. v. Uzan*, 322 F.3d 130, 134 (2nd Circuit 2003). **Exhibit E.** See also *Harbinger Capital Partners Master Fund I, Ltd. v. CLO, Ltd.*, 347 Fed Appx 711 (2nd Circuit 2009) [Applying *Uzan* to both contractual and non-contractual remedies] **Exhibit F**. The Sixth Circuit has not specifically ruled on the application of *Lujan*'s standing requirements in RICO actions involving fraudulent loans. The *First Nationwide Bank* case has been cited by this Court, however, in other RICO situations, and the Sixth Circuit would likely follow the Second Circuit's analysis on the issue.

Plaintiff's injury and damage theories as to the twenty-four Profit Loans are untenable under RICO because the Plaintiff has suffered no injury. Fremont "does not allege actual injury simply by claiming that it incurred additional risk of loss as a consequence of the fraud." *First Nationwide Bank*, at 768. That Plaintiff fears it may at some unknown point in the future receive a repurchase demand as to some of these Profit Loans does not allow it to maintain a RICO action. This Court should grant partial summary judgment as to all twenty-four Profit Loans.

WOOD, KULL, HERSCHFUS, OBEE & KULL, P.C.

By: _____/s/ John A. Obee_____
　　　　John A. Obee (P29216)
　　　　jao@woodkull.com
　　　　Attorneys for Defendant Real Estate One, Only

Dated:   October 27, 2011

5

## LIST OF EXHIBITS

A.     Plaintiff's Objections and Responses to Defendant Real Estate One's Fourth Set of Interrogatories and Third Set of Requests for Production of Documents, pages 1, 2, 3, 420 and Verification

B.     Adam D. Herzog's letter to all counsel dated September 12, 2011 with chart dated September 9, 2011;

C.     *First Nationwide Bank,* 27 F. 3d 763, 769 (2ND Cir. 1994)

D.     *Scharnitzke v. Sedgwick,* No. 2:09-cv-11529 (NGE), 2010 U.S. Dist LEXIS 22792 (E.D. Mich., 2010)

E.     *Motorola Credit Corp. V Uzan,* 322 F.3d 130, 134 (2nd Circuit 2003)

F.     *Harbinger Capital Partners Master Fund 1, Ltd. V CLO, Ltd.,* 347 Fed Appx 711 (2nd Circuit 2009)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FREMONT REORGANIZING
CORPORATION,
        Plaintiff,

vs.

                                             Case No. 2:10-cv-11923
                                             Hon. David M. Lawson

RONNIE DUKE, et al.
              Defendants.

_____

### CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2011, I electronically filed Real Estate One, Inc.'s Reply Brief in Support of Motion for Partial Summary Judgment with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record in this case. A copy will be sent via First Class U.S. Mail to the following parties:

Robert Applebee
30096 Halecreek
Romulus, Michigan 48174

Hugh Bradley James
4740 Spur Road
Breckenridge, Michigan 48615

Darla Applebee
30096 Halecreek
Romulus, Michigan 48174

Jacqueline Napper
30601 Apple Grove Way
Flat Rock, Michigan 48134


                               By:     /s/   John A. Obee

                                      jao@woodkull.com