UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREMONT REORGANIZING CORP.,

       Plaintiff,

v.

RONNIE DUKE, RYAN ZUNDEL, BILL WELLS,
WILLINEVAH RICHARDSON, ANTHONY
PETERS, AMERICAN NATIONWIDE MORTGAGE
CO., CBB, INC. d/b/a BRETLIN HOME MORTGAGE,
FIRST ESCROW COMPANY, LLC, HARDCORE
MOTOR SPORTS, LLC, HARDCORE RACING, INC.
JS REALTY, LLC, LAWYERS ESCROW CO.,
LIBERTYTITLE AND ESCROW SERVICES, LLC,
MOTORCITY FINANCIAL SERVICES, NATIONS
TITLE OF OHIO, NORTH AMERICAN HOME
FUNDING, INC., OWNER REALTY.COM, PREMIER
MORTGAGE FUNDING, INC., REAL ESTATE ONE,
INC., ANDREW AUTY, TIMOTHY BAKER,
MELISSA BASTIEN, HUSSEIN ABDUL-MAJID
BAZZI a/k/a SAM BAZZI, SPECIALTY HOLDINGS,
INC., ALI BAYDOUN, JAY BAYDOUN a/k/a JALAL
BAYDOUN, CHEA BENNETT, MORGAN
BEVENSEE, KEVIN BOS, LISA BOS, ROBERT
BRIERLEY, BYRON DEES, FRANK GENDERNALIK,
SUSAN GENDERNALIK, RAY HALL, HUGH
BRADLEY JAMES, KIM KENT, DAVID LARA,
HAROLD LARSEN, DANNY LEY, PATRICK LLOYD,
JOSE MARTINEZ, JOHN MAYER, KATHY
MCCUTCHEON a/k/a KATHY SIZEMORE, APRIL
MILLER, COLLETTE MILLITELLO, JOSEPH
MILLITELLO, PAUL MORRIS, ADELBERT MOSS,
BRYAN MURPHY, DANIELLE NAPPER, SUZANNE
NICHOLAS, DANIEL PANKO, KATHLEEN
POUNDS, LARRY RIDEOUT, RICARDO RODRIGUEZ,
FRANK RAY SCHAFER, JR, JEFF SCHUCK, RACHEL
SEMAN, MICHAEL SHILAKES, BRYAN STURGEON,
JAMIE SWEENEY, RONALD TALASKI, JR.,
MITCHELL TOMCSIK, NICOLE TURCHECK, LINDA
WAHLER, DONNA WALBROOK, PAUL WHITESIDE,
JEREMY YALKIN, KASSEM ZREIK, FIDELITY
NATIONAL TITLE INSURANCE CO.,

Case Number 10-11923
Honorable David M. Lawson

**ORDER DENYING PLAINTIFF'S
MOTION FOR ENTRY OF
JUDGMENT AGAINST
DEFENDANT JP MORGAN
CHASE BANK**

QUOTEMEARATE.COM, INC., and APEX
FINANCIAL GROUP, INCORPORATED, d/b/a
AAPEX MORTGAGE CORP.,

                Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT JP MORGAN CHASE BANK

Presently before the Court is the plaintiff's motion for entry of final judgment against defendant JP Morgan Chase Bank. On January 10, 2011, defendant JP Morgan Chase Bank filed a motion to dismiss. The Court granted the defendant's motion on September 12, 2011. The Court denied the plaintiff's later motion for reconsideration on October 20, 2011. The Court did not enter judgment in favor of defendant JP Morgan Chase Bank, however, because claims remained pending against other defendants in the case. *See* Fed. R. Civ. P.54(b).

The plaintiff argues that there is no just reason to delay entry of judgment under Federal Rule of Civil Procedure 54(b), because the claims against defendant JP Morgan Chase Bank are distinct from the remaining claims in the case, the issues to be reviewed in connections with the claims are unlikely to be mooted by further proceedings in this Court, this Court will not be obliged to consider the same issue in the remaining claims, there is no claim or counter-claim that might require a set-off against the judgment, and because it is warranted by judicial economy.

Rule 54(b) states that "[w]hen an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). A final judgment may not be entered on fewer than all claims in a case unless that judgment "entirely resolve[s]" an individual claim, and there is "no just reason for delay." *Lowery v. Fed. Exp. Corp.,* 426 F.3d 817,

821 (6th Cir. 2005). In order to determine whether there is just reason for delay, the Court must consider the following factors:

> "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like."

*Lowery*, 426 F.3d at 822 (quoting *Gen. Acquisition, Inc. v. GenCorp, Inc.,* 23 F.3d 1022, 1030 (6th Cir. 1994)).

The Court finds that these factors weigh against the entry of final judgment as to defendant JP Morgan Chase Bank. Although it is true that no risk of a setoff of a judgment in favor of that defendant exists, the adjudicated and unadjudicated claims are related and there exists a possibility that the need for review might be mooted by future developments in this Court. The plaintiff's dismissed claims against defendant JP Morgan Chase Bank depend on the existence of a conspiracy to defraud the plaintiff and a finding that the fiduciary funds deposited in accounts held by that defendant were diverted. Those issues have not yet been adjudicated by this Court. Despite the plaintiff's assertion to the contrary, the plaintiff's claims against defendant JP Morgan Chase Bank could be mooted by a finding that no fraud or diversion occurred. Moreover, the likelihood that other defendants would seek an appeal of an adverse judgment is high, which would require the court of appeals to conduct multiple and piecemeal appeals regarding the same core controversy. Those factors weigh heavily in favor of the Court's decision not to enter a final judgment in favor of defendant JP Morgan Chase Bank at this time.

Accordingly, it is **ORDERED** that the plaintiff's motion for judgment as to claims against defendant JP Morgan Chase Bank [dkt. #278] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: December 16, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 16, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL